ORIGINAL

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

BROADCAST MUSIC, INC.,

                Petitioner,

      - against -

NORTH AMERICAN CONCERT PROMOTERS
ASSOCIATION, as licensing
representative of the promoters
listed on Exhibit A to the
Petition,

               Respondent.

- - - - - - - - - - - - - - - - - - -X

18 Civ. 8749 (LLS)

ORDER

     The submissions made with the October 7, 2022 letter (Dkt.
No. 116) may well contain items which are highly confidential
and whose disclosure would injure a party's business interest.
Under the law, a party is entitled to redact them from public
disclosure in its briefs and other public submissions to the
Court.

     On the other hand, there is a universe of items which the
parties would prefer not to publicize, but which are ineligible
for the Top Secret treatment afforded only to genuine high-value
secrets. The Second Circuit in Lugosch v. Pyramid Co. of
Onondaga, 435 F.3d 110 (2d Cir. 2006) and related cases has made
clear that the Court must meticulously separate the genuinely
top-secret material from that of lesser value which the party
declines to particularize in its public communications.

-1-

The parties' present submissions indiscriminately bunch the material falling into the two categories without separation, in sweeping redactions of whole categories, epitomized by the designation of the parties' whole Proposed Findings of Fact as subject to sealing merely because they may contain, here or there, genuinely Top-Secret items.

The existence of a routine protective order calling for the sealing of documents designated as confidential for pretrial discovery purposes provides no support for the "specific, on-the-record findings that sealing is necessary to preserve higher values." See Lugosch, 435 F.3d at 124. A protective order is appropriate for dealing with pretrial communications between the parties, but it has no bearing on the principles necessitating public disclosure as set forth in Lugosch and its progeny.

If this is to be the state of affairs, no redactions will be allowed. Everything submitted to the Court for its evaluation in connection with the merits decision the Court must make will be disclosed to the public, and properly so. If the parties are not willing to particularize in the manner contemplated by the Second Circuit cases, e.g. a line by line specification with reasons for secrecy articulated in respect to each line, then the record as a whole must be open to the public.

All filings made in connection with the October 7, 2022 letter will be unsealed on October 20, 2022, except for those

specific items which have before that time been identified, supported, and disclosed to the Court and specifically approved for sealing.

So Ordered.

Dated:    New York, New York
          October 14, 2022

                                    _Louis L. Stanton_
                                    LOUIS L. STANTON
                                         U.S.D.J.