ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

BROADCAST MUSIC, INC.,

          Petitioner,

    - against -

NORTH AMERICAN CONCERT PROMOTERS
ASSOCIATION, as licensing
representative of the promoters
listed on Exhibit A to the
Petition,

          Respondent.

- - - - - - - - - - - - - - - - - -X

18 Civ. 8749 (LLS)

ORDER

    In an October 18, 2022 letter to the Court, NACPA moved to redact and seal portions of (1) NACPA's Pre-Trial Brief (Dkt. No. 117); (2) NACPA's Proposed Findings of Fact and Counter-Findings to BMI's Proposed Findings of Fact (Dkt. No. 121-2); (3) the Affidavit of Adam B. Jaffe (Dkt. No. 118); (4) BMI's Pre-Trial Brief (Dkt. No. 122); (5) BMI's Proposed Findings of Fact and Counter-Findings to NACPA's Proposed Findings of Fact (Dkt. No. 124-2); and (6) the Affidavit of Professor Catherin Tucker (Dkt. No. 123).

    The proposed redactions fell into three categories: (1) information connected to the terms of the 2018 ASCAP-NACPA Agreement; (2) information relating to the agreements made between GMR and NACPA's individual members; and (3) proprietary, non-public financial and business information of individual NACPA promoters and third parties to this proceeding.

1

After reviewing each redaction, the Court finds that the following information must be unsealed.

1.

Information connected to the terms of the 2018 ASCAP-NACPA Agreement is to be unsealed. The sealing of the documents is justified only when specific, on-the-record findings reveal "sealing is necessary to preserve higher values." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006). NACPA posits that the higher value warranting nondisclosure is the confidentiality provision in the Agreement. However, that third-party confidentiality provision does not override the public's right of access to documents submitted to affect the judicial determination of this case's merits. Here, both parties rely on the Agreement to further their arguments of what constitutes a reasonable rate. Accordingly, as the document will affect a judicial determination in this case, information pertaining to its terms must be made public.

2.

For the reasons stated above, information connection to the agreements between GMR and NACPA's individual members must also be disclosed. The confidentiality provisions in these agreements carries no weight in preventing the disclosure of the information in the documents when, as here, that information has

been submitted to the Court to affect its determination of what a reasonable rate is.

The only information that can remain under seal is information relating to the initial agreement made between GMR and an NACPA member. See Dkt. No. 117 at 36-37, n.11; Dkt. No. 121-2 at 112-13, ¶¶ 76-77; Dkt. No. 122 at 55, n.22; Dkt. No. 124-2 at 46-47, ¶¶ 190-91; Dkt. No. 124-2 at 132, n.14; Dkt. No. 123 at 67-68. This information is not being relied upon by the parties as a benchmark agreement to affect judicial determination. Instead, it is being used to show the history of the negotiations leading up to the final agreement, which is relied upon by the parties as a benchmark agreement. As such, the privacy interests of the third parties outweighs the public's interest in disclosure.

However, if the information does become used in that way than through the questioning of a witness on direct or cross examination, through argument of a party in its opening or closing statements, or by offering the agreement into evidence, the information relating to the agreement will become unsealed.

3.

Information relating to the finances and business operations of NACPA's members is to be unsealed when the information is used as part of the parties' argument over the

scope of the revenue base. This information generally relates to the past finances of NACPA members, which is less secretive and valuable than information that pertains to present day or future projections. A party has a weaker privacy interest in keeping such dated financial information secret because its disclosure will have a less detrimental effect on the individual's business interests.

Non-public financial information that is not used in that way, but rather is employed to illustrate a tangential point, like the fact that NACPA members' revenues have increased or decreased over the years, can remain under seal. This includes:

- The redactions in bullets one and two on page 33 in Dkt. No. 121-2.
- The redactions in footnote 39 on page 29 in Dkt. No. 118.
- Figure 3 on page 46 in Dkt. No. 122.
- The redaction of the dollar amount in the final sentence on page 64 in Dkt. No. 122 and on page 22 in Dkt. No. 124-2.
- Figure 2 on page 19 in Dkt. No. 124-2.
- The redactions on page 20 in Dkt. No. 124-2.
- The redactions on page 23 in Dkt. No. 123.
- The redactions in footnote 171 on page 66 in Dkt. No. 123.

- The dollar amount in paragraph 151 on page 111 in Dkt. No. 123 and footnotes 313 and 314 on that page.

So Ordered.

Dated: New York, New York
October 20, 2022

　　　　　　　　　　　　　　　　　　　Louis L. Stanton
　　　　　　　　　　　　　　　　　　　LOUIS L. STANTON
　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

5