UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BROADCAST MUSIC, INC.,

Petitioner,

-v-

NORTH AMERICAN CONCERT
PROMOTERS ASSOCIATION,

Respondent.

-------------------------------------------------------x

No. 18-cv-8749-LTS

AMENDED ORDER*

The Court has received the parties' joint submission (docket entry no. 225 ("Stat. Rpt.")) regarding appropriate next steps in light of the mandate of the United States Court of Appeals for the Second Circuit (docket entry no. 222). Petitioner Broadcast Music, Inc. ("BMI") requests supplemental expert discovery to address the Second Circuit's guidance regarding the evaluation of benchmark agreements. (Stat. Rpt. at 4-6.) BMI also requests that the Court recall four fact witnesses and two expert witnesses pursuant to Rule 63 of the Federal Rules of Civil Procedure. (Id. at 6.) Respondent North American Concert Promoters Association ("NACPA") opposes these requests, given the limited scope of the Second Circuit's remand and the opportunity the experts have had to explain how to weigh different benchmarks. (Id. at 7-8.) NACPA also opposes BMI's Rule 63 request, arguing that "matters expressly or impliedly resolved by the Second Circuit" cannot be revisited. (Id. at 8.)

* This order amends docket entry no. 226 by correcting the date range in the final bullet point on page 5, requiring the provision of courtesy copies of trial exhibits.

As the party seeking to reopen discovery, BMI must demonstrate good cause. See Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir. 1991). "The decision whether to hear additional evidence on remand is within the sound discretion of the trial court judge." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 73 (2d Cir. 1998). Factors guiding the exercise of this discretion include:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

Bridgeforth v. City of New York, 286 F. Supp. 3d 629, 632 (S.D.N.Y. 2017).

Considering these factors, the Court finds good cause to reopen discovery, albeit to a limited extent. In its decision vacating the judgment and remanding for further proceedings, the Second Circuit explained that "[b]ased on the considerations [it has] identified, the comparable benchmark agreements are the BMI/NACPA license, the ASCAP/NACPA license, the SESAC/NACPA license, and possibly the GMR/Live Nation and GMR/AEG licenses." BMI v. NACPA, 168 F.4th 86, 115 (2d Cir. 2026). The Court agrees that supplemental expert testimony from BMI's expert witness, Professor Catherine Tucker, and NACPA's expert witness, Professor Adam Jaffe, would be useful for the limited purpose of weighing the remaining benchmark agreements the Second Circuit identified as at least potentially comparable, including determining whether the GMR/Live Nation and GMR/AEG licensing rates are comparable at all. The Court also finds that the factors weighing in favor of reopening discovery, including the unforeseeability of this more focused inquiry as clarified by the Second Circuit and the likelihood of generating relevant evidence, overcome NACPA's asserted burdens of additional expense and delay.

The scope of supplemental expert discovery, however, shall be restricted to reflect the limited scope of this Court's role on remand. Only Professors Tucker and Jaffe are permitted to author supplemental expert reports, which shall address only the following two matters: (i) "whether the rate and rate structure in the GMR licenses with Live Nation and AEG reflect what NACPA would have achieved in a negotiation with GMR," and (ii) the degree of comparability among the benchmark agreements the Second Circuit identified. Id. at 113, 115. Other matters that had previously been at issue throughout these proceedings, including the propriety of utilizing an expanded revenue base and the comparability of foreign licensing agreements, have already been resolved, see id. at 104, 109, and thus do not fall within the scope of this limited reopening of discovery.

BMI's request that the Court authorize the recall of fact witnesses, however, is denied. Rule 63 provides that for a bench trial, "the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden," and may "recall any other witness." FED. R. CIV. P. 63. "Rule 63's mandatory and discretionary recall requirements are important tools to protect against an incomplete or inadequate record" and, once satisfied, permit a successor judge to "make factual findings" and "complet[e] interrupted trials without causing 'unnecessary expense and delay.'" Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc., 945 F.3d 53, 65 (2d Cir. 2019) (alteration in original) (quoting Mergentime Corp. v. Wash. Metro. Area Transit Auth., 166 F.3d 1257, 1262 (D.C. Cir. 1999)). The rule contemplates application in a pre-judgment context in which the trial judge is unable to complete a trial that is in progress. See id.; FED. R. CIV. P. 63 advisory committee's note to 1991 amendment (discussing the likelihood "that the number of trials interrupted by the disability of the judge will increase"); In re Karten, 293 F. App'x 734, 736

(11th Cir. 2008); cf. United States v. Garcia, 413 F.3d 201, 228 (2d Cir. 2005) (regarding Rule 25 of the Federal Rules of Criminal Procedure, the criminal counterpart to Rule 63). There is no such situation here, with Judge Stanton having completed trial proceedings. To the extent that Rule 63 may be applied to rate court proceedings on remand after the original judge completed trial and entered judgment, its focus on materiality and disputes of fact is instructive. Here, BMI has failed to identify material and disputed fact testimony relevant to the Second Circuit's remand. BMI does not specify any material and disputed fact testimony that would require the Court to make a credibility determination among the listed fact witnesses on remand. See also BMI, 168 F.4th at 101 (articulating "legal standards that govern the selection and weighing of benchmarks" (emphasis added)). BMI's request to recall certain fact witnesses is, accordingly, denied. The Court will determine, following review of the parties' submissions outlined below, whether additional live expert witness testimony is necessary.

For the foregoing reasons, it is hereby ORDERED as follows:

- Petitioner and Respondent shall exchange supplemental expert reports by September 25, 2026;
- Petitioner and Respondent shall exchange supplemental rebuttal expert reports by November 6, 2026;
- Supplemental expert depositions, if any, shall be completed by December 3, 2026;
- Petitioner and Respondent shall meet and confer and, by December 21, 2026, file a joint status report covering:
    - Whether both parties believe that work with a magistrate judge or a mediator could be helpful in resolving this matter; and

    - The parties' views as to whether additional live expert testimony from Professors Tucker and Jaffe will be necessary and the amount of time required therefor;

- Petitioner and Respondent shall file supplemental briefs regarding the Second Circuit's decision by January 11, 2027; and
- Petitioner and Respondent shall send courtesy copies of exhibits admitted into evidence at the bench trial before Judge Stanton from October 24, 2022, to November 22, 2022, together with a comprehensive exhibit list with hyperlinks to each exhibit, via email to SwainNYSDCorresp@nysd.uscourts.gov or electronic file transfer by January 11, 2027.

SO ORDERED.

Dated: New York, New York
August 10, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge